UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81168-CIV-HURLEY/LYNCH

RICHARD J. HOFFMAN,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

    Defendant.
_____/

FILED by _____ D.C.
APR 1 1 2011
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (DE 8)

**THIS CAUSE** comes before this Court upon the above Motion. Having reviewed the Motion, noting that no Response was filed despite ample time to do so, this Court recommends as follows:

    1.    The Appeals Council denied the Plaintiff's Request for Review on July 27, 2010. Pursuant to 42 U.S.C. § 405(g), the Plaintiff had 60 days, plus five mailing days, after the date of the Appeals Council's decision letter within which to seek judicial review. The Defendant calculates that the Plaintiff had until Thursday, September 30, 2010 to file his Complaint. However the Plaintiff did not do so until that next day, Friday, October 1, 2010. In other words the Plaintiff filed his Complaint just one day too late.

    2.    Because a timely Complaint is necessary to secure judicial review, the Defendant moves for dismissal. As noted

above, the Plaintiff does not respond to the Motion.

3.   Equitable tolling is the only means available to accept a late filed complaint. Bowen v. City of New York, 476 U.S. 467 (1986), the seminal case on the matter, clarifies that the 60-day requirement for filing suit is a non-jurisdictional statute of limitations. See id. at 478. Consequently, the deadline may be tolled for a justifiable reason. The Supreme Court agreed with the Commissioner to construe the statute of limitations strictly, but it added that the principle of equitable tolling should still be applied to its fullest traditional extent. See id. at 479-80. The Bowen claimants showed good cause for equitable tolling because in their situation, the failure to file suit was due to fraud and deception on the Commissioner's part and wholly beyond their knowledge or control. Case law applies Bowen very strictly and offers strong authority against equitable tolling in situations like the one at bar, even when the complaint is just one day late. Accord Collier-Fluellen v. Comm'r, 2011 WL 149507 (11th Cir. 2011), Smith v. Astrue, 393 Fed.Appx. 596 (11th Cir. 2010). Equitable tolling is unfortunately not available to the Plaintiff. This conclusion is buttressed by the fact that the Plaintiff offers no explanation for the late filing.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion to Dismiss be **GRANTED** and that the Complaint be **DISMISSED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Daniel T.K. Hurley, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 11th day of April, 2011.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Daniel T.K. Hurley
    Carlos J. Raurell, AUSA
    Shelley B. Maurice, Esq.